Please the court. Counsel. Dan Maloney, Federal Defender's Office, Reno, Nevada, on behalf of Appellant Franco-Flores. If you can keep your voice up, please. I'll try. Brief summary of the facts of the case. Mr. Franco-Flores pled guilty to one count of distribution of a controlled substance, methamphetamine, and one count of being an illegal alien in unlawful possession of a firearm. The drug count carries a mandatory 10-year prison term under the statute. Federal law also provides that if Mr. Franco-Flores meets certain eligibility, he is entitled to shall be sentenced without regard to that 10-year mandatory minimum. One of the requirements, the first one listed, is that he not have more than one criminal justice point, one criminal history point. Mr. Franco-Flores, in 2003, entered a plea of guilty to possession of a controlled substance in Nevada State Court and was remanded to the Nevada Drug Court. There is the parties are in agreement that because there was a finding or a plea of guilty, that constitutes one point at issue in this case is whether or not that also counts an additional two points for being under a criminal justice system or under criminal justice. That is a later offense that is to say. And does the answer to that question turn on whether or not he was still under some form of supervision at the time that he was arrested on the Federal charge? What we are targeting is whether or not there was a supervisory component to that remand to Drug Court. So the answer to my question is yes. The answer to that question would be yes. Okay. We are saying that there was not a supervisory component to that because the remand to Drug Court was a remand with no probation, no conviction, and no conditions imposed by the court. Well, that's not quite right. The condition that was imposed was that he had to go through the drug court procedures, which includes, I assume, showing up at some point in time at various intervals. I don't know if they attend classes or what they do. And he didn't do that, so they issued a bench warrant for his arrest, right? Yes. That's what happened. So why isn't that close enough to having to report to the probation officer or the parole supervisor, probation supervisor, for some fixed period of time after you've entered a plea of guilty? The answer that we have for that is that the criminal justice system always retains its authority to reassert itself in any case of deferred sentencing, disposition of diversionary disposition, payment of a fine. When you look at the definition for what constitutes being under a criminal justice system, under Application Note 4 to 4A1.2, it says that in that circumstance payment of a fine does not count. Also, may I ask, under Nevada law, is reference to a drug court a civil commitment? Yes, Your Honor. Under the terms of the statute, reference to drug court is a civil commitment under Nevada law, and our position would be the civil commitment would be similar to the fine that is parsed out under the Application Note. Why would that be any different from committing him to a drug treatment program for 30 days? That would be a civil commitment, wouldn't it? Not necessarily, Your Honor. And the Nevada statute also has a provision that the court can put the person on probation and commit them to a treatment program. That would count. It's whether or not the court asserts its own conditions as opposed to the condition of just go through the door of the drug court. I guess what's confusing me about your position, counsel, is if the question that we have to answer is, was there a supervisory component here, then why is it relevant, whether it's a civil commitment, a criminal commitment, a restitution obligation, all of the various forms of supervision that a court might impose as part of a disposition after a plea appeal? To follow up on that, as part of my question I was going to ask, do you have any cases at all that support your argument that a civil commitment would not count when there has been a custodial or a supervisory component? The question is, the custodial or supervisory component begs the question. That is the question that is at issue in this case. And so the civil commitment doesn't count. And the answer that we have is that not... Do you have a case that supports the argument you just made? KIPP is the case that we rely on. KIPP was a case where there was a deferred sentencing. In those sorts of deferred sentencing, the court still has the authority. If the person doesn't, and generally speaking it doesn't show up where they're supposed to show up or commits a new criminal offense, the court has the authority to summon the person back or to issue a warrant to have the person come back. If just going to a civil commitment constitutes a supervisory component, then KIPP is incorrect and the application note that carves out a fine is incorrect because the criminal justice system would always have that authority to come back later and reassert itself. But the problem in KIPP was that it was just a straight deferral. There was no supervisory component whatsoever, correct? In KIPP it was a deferred sentencing. But deferred sentencing means that at some point he could have been sentenced. But a deferral doesn't carry with it any of the components of conditions of supervision. And our position is, for the same reason, this does not carry with it with any two. KIPP had to... If I ignore the fact that he had to report to drug court and abide by whatever the drug court procedures are. If a remand to drug court is a situation in which it's a civil commitment, if a civil commitment constitutes a supervisory component, we lose. You're trying to twist it by adding this terminology, and I don't think it matters what we call it. The question is, is it supervision or not? And KIPP involved just a straight deferred sentence. There was no supervision, no reporting to anybody. And here we have a condition that says you've got to report to drug court. And if you don't, we're going to issue a bench warrant for your arrest. Yeah. I understand the court's problem. I see what you're saying. I don't see how KIPP helps you, I guess is what I'm saying. I think it's factually distinguishable. What we're saying is the example would be this. The example would be a fine doesn't count. What happens if the gentleman doesn't pay a fine? He just goes, okay, you pay a fine, go downstairs, pay $300. He goes, man, I'm out of here, I ain't going to pay that $300. What happens? A warrant is issued for his arrest. Under the circumstances of application note 4, that doesn't count. And we're saying that this is very similar to that situation. Go downstairs, go to drug court. If he doesn't do that, the criminal justice system can always come back and say you didn't do that. We are going to therefore increase and go ahead and reinstitute our criminal justice aspect after we have carved you out to the civil aspect. But I think the question is, at the time of the new offense, is he subject to some sort of sentence or supervision? Your fine situation would be, okay, he's on his way downstairs. He hasn't paid the fine yet, and he commits another offense. Okay. But typically he's going to go downstairs, pay the fine. Once he's paid the fine, he is out of there. He's done. There's no further supervising component. But here there was an ongoing supervising component in the drug court. And during the time that he was supposed to be reporting to the drug court, he commenced the second offense. Yeah. And my bottom line position under that is that then the only disposition that is going to qualify would be a dismissal. That's the only position that's going to qualify, because the criminal justice system always retains its authority. The deferral is good enough. And this case is even better than a deferral, because it's a civil commitment. There is no probation.  It's a deferral with a supervisory component. In KIPP we said that there was no supervisory component, no condition of probation, nothing other than a straight deferral. But, yeah. But what happens if he commits a new crime during the time period of that deferral? Same thing that happens in this case. I mean, that's our position. And we can argue that back and forth. I mean, the clearest way I can, the first question is, is there a supervisory component? And the supervisory component is a supervisory component imposed by the court. The statute allows the court, in this case, to do a probation. It didn't do it. You just, drug court, no supervisory provision by the court, stop, you're through, you don't get to the second part. What happens? I mean, that's about as clear as I can get. Yeah. Now, I think we have the position well in hand. Let's hear from the other side. And you've got about 45 seconds. So we'll make sure you get a chance to respond. Good morning. May it please the Court. Elizabeth Olson on behalf of the United States. And if I could say the same thing to you. Please keep your voice up. Thank you. The central question in this appeal is whether the diversionary disposition that Mr. Franco-Flores received after pleading guilty to possessing methamphetamine in 2003 had a supervisory component. After accepting Mr. Franco-Flores' guilty plea, the state court judge referred him, remanded his case to drug court. Now, at his federal sentencing hearing, the district court judge heard testimony about the drug court and what it entails. And I would refer you specifically to pages 44 and 50 of the excerpt of record in which testimony was received, that the drug court is an 18-month treatment program where there's treatment and ongoing random drug testing throughout the entire time of the program. The drug court, we have treatment that goes Monday through Friday, including random testing. And participants have to come to court weekly, at least initially. Once it's been established that they're doing well in the program, the frequency of their court appearances can be delayed. But at least initially they have to report to the court once a week. Counsel, what was the site on that? 44, excerpt of record 44, and then again there's some additional explanation on ER 50, about it being Monday through Friday with random testing and they have to come to court once a week. Now, the defendant's position appears to be that because he was not required also to report to a probation officer, that there was no supervisory component. But I think that that's a little bit backwards here, because if you look, as described at the sentencing hearing, the level of supervision that is encompassed by the Washoe County Adult Drug Court is significantly closer than, you know, generally probation, sometimes you have to report once a month, sometimes there's random drug testing, sometimes there isn't. In this case, the idea that if the district court had said, okay, I'm going to hand you off to probation to supervise, that that constitutes supervision, but when the court says, no, the court itself is going to make sure for the next 18 months that you're staying on the straight and narrow, and there's going to be treatment, and there's going to be testing, and you're going to have to come to court once a week, that somehow that isn't supervision, that just seems somewhat backwards to me. The other question that I'd just like to touch on, unless you have questions about this, is this harmless error issue. And I want to raise it. I don't think it comes into play in this case, because I think that it's clear that there was a supervisory aspect. But since I have just a moment, I want to just flag an issue for the court. And I apologize to the court for not discussing the Mejia Pimentel case in the government's answering brief. I wasn't aware of that case until I received the defendant's reply brief. But I went back and read it, and it's a curious decision, and it's curious for this reason. The court states that the standard is harmless error, and then the court analyzes the question using the harmless error analysis and concludes that the government did not meet its burden of showing harmless error, because in that case the only thing the government could point to was a single statement by the district court that it would not be inclined to go below the mandatory minimum to exercise safety valve relief, even if it could. Despite that, despite that statement of the standard and the analysis using that standard, there are two sentences in that little section, it's just the last two pages of the opinion, that seem to contradict the standard, the articulated standard in the analysis. And the two sentences essentially say that when a district court makes an error in determining safety valve eligibility, the case has to be remanded for resentencing, period. Now, standing alone, those two sentences suggest that there isn't a harmless error analysis, that remand is automatic regardless of harmlessness. But that, as I say, sort of contradicts the analysis that the court goes through in that case. The reason I flag that is obviously it raises two questions in this case. One is, is there a harmless error standard or isn't there? And I think that that decision sends a couple of mixed messages. And then if there is a harmless error standard, which we obviously think that there should be, whether in a case like this the government would have met its burden under harmless error. And in this case what we have is the district court saying, I would not have granted safety valve relief, I would not have even considered granting safety valve relief. And he actually says there is absolutely no way, given the defendant's offense conduct, which was selling numerous firearms, many of which were stolen, three-quarters of a pound of methamphetamine, the district court judge said there was absolutely no way that this court would have sentenced the defendant to less than 120 months. So if there's a harmless error test, I mean, if that standard applies, I'm not sure what the government could show more definitively that it wouldn't have made a difference than the district court saying there's absolutely no way this would have made a difference. But, again, I think that I just flagged that for the court because, like I say, I don't think it's necessary in this case. But in the appropriate case, I think it would be helpful to litigants for some clarification from the court about whether or not that harmless error test. Can you give me the page site? I've got 477F3. 1109. It starts out saying that when we discover an error not of constitutional magnitude, we must reverse unless there is a fair assurance of harmlessness. It sets out the harmless error. It says it's the government's burden to prove harmlessness. And then there's the sentence that says errors in determination of safety valve eligibility require resentencing even where the district court has indicated that it would not have sentenced below the mandatory minimum. So you're saying that although we cite to the harmless error standard, in effect we have declared a per se. Yes. But then if you go on, the court actually analyzes it in this case under harmless error and finds that the government cannot meet its burden under harmless error because the only thing it points to is a single statement by the district court that it would not have been inclined to go below the statutory minimum even if the defendant had qualified for it. So all I'm saying is there's a little disconnect between the analysis and the statement and these two other sentences. These two sentences, by the way, I mean, the court is citing a pre-Booker case, which might affect how that evolved. I mean, obviously the courts now post-Booker have a lot more discretion. But I just flagged that for the court. Again, I don't think it's necessary in this case. I think clearly the defendant was diverted to a program that had fairly close supervision, which he then absconded from and didn't participate. And so there was a bench warrant out for his arrest, which remained in effect until these most recent gun and drug charges. Thank you very much. Thank you. A couple of points, Your Honor. The point number one to kind of follow up on Judge Justice Nelson's point is the difference between a civil commitment in the cases of, like, the sex offender, dangerous sex offender. The courts have held that the criminal justice rights don't apply in those circumstances, at least in some limited circumstances, because they are civil commitments. The drug court in this case is a civil commitment. The statute does have a possibility of a commitment to drug court with conditions, there is also a possibility without conditions. In this circumstance, Mr. Franco Flores was remanded to drug court without conditions. Well, that's not accurate. I'm looking at page 50 of the excerpt of record, the testimony that was before the district court, and that testimony includes that the treatment included coming Monday through Friday, random testing, weekly appearances, and that if you miss, then they issue a bench warrant, and isn't that what happened here? Yeah, those are the civil from the drug court. Well, you call them civil, but that's, I mean, what difference does it make whether it's a probation officer that he's reporting to or the drug court? Probation officers administer drug tests all the time. We typically order them as part of the judgment and commitment order, as a condition of supervision. And maybe that's where we're breaking down. So we say it's a huge difference between a civil and a criminal matter, and I think that's where we're breaking down. Do I need to talk about the harmless error? No. Thank both of you for your very useful arguments in this case. The case of United States v. Franco Flores is now submitted for decision.
judges: Nelson, Fletcher, Tallman